treat as an opposition to the motion for summary affirmance.

In 1991, the Board of Veterans' Appeals denied Edwards' claim for service connection for her husband's lung cancer. Edwards appealed to the Court of Appeals for Veterans Claims. That court affirmed the Board's decision in 1992. Edwards appealed to this court. This court dismissed the appeal for lack of jurisdiction in 1993.

On November 22, 2004, Edwards filed a notice of appeal with the Court of Appeals for Veterans Claims, apparently again seeking review of the Board's 1991 decision and submitting new arguments. The Court of Appeals for Veterans Claims dismissed the appeal, noting that the Board's decision had been previously appealed and affirmed and, to the extent that she was requesting reconsideration of that court's 1992 decision, her request was untimely. Edwards appealed to this court.

Summary affirmance of a case "is appropriate, *inter alia,* when the position of one party is so clearly correct as a matter of law that no substantial question regarding the outcome of the appeal exists." *Joshua v. United States,* 17 F.3d 378, 380 (Fed. Cir.1994). In the present case, it is clear that summary affirmance is warranted. Edwards previously obtained review of the Board's 1991 decision and, to the extent she sought reconsideration of the Court of Appeals for Veterans Claims' 1992 decision, the request was untimely.

Accordingly,

IT IS ORDERED THAT:

(1) The motion for summary affirmance is granted.

(2) Each side shall bear its own costs.

**HONEYWELL INTERNATIONAL, INC. and Honeywell Intellectual Properties, Inc., Plaintiffs–Appellants,**

v.

**ITT INDUSTRIES, INC. and ITT Automotive, Inc., Defendants–Appellees,**

and

**TG North America Corporation, TG Fluid Systems USA Corporation, and A. Raymond, Inc., Defendants–Appellees.**

Nos. 05–1407, 05–1408, 05–1409.

United States Court of Appeals, Federal Circuit.

Oct. 19, 2005.

Before SCHALL, GAJARSA, and PROST, Circuit Judges.

*ORDER*

GAJARSA, Circuit Judge.

Honeywell International, Inc. et al. move to dismiss TG North America Corporation et al.'s cross-appeal, 05–1408, for lack of jurisdiction. TG opposes. Honeywell replies and moves for its fees and costs, not to exceed $5,000.00, in connection with its motion to dismiss TG's cross-appeal. TG opposes. ITT Industries, Inc. et al. move without opposition to voluntarily dismiss their cross-appeal, 05–1409.

Honeywell sued TG and ITT for infringement in the United States District Court for the Eastern District of Michigan, *Honeywell v. ITT*, 330 F.Supp.2d 865 (E.D.Mich.2004). The district court issued a partial summary judgment of noninfringement and certified it as final pursuant to Fed.R.Civ.P. 54(b), stayed the defendants' counterclaims for indemnification, and dismissed ITT's invalidity counterclaims without prejudice.

Honeywell appealed from the district court's summary judgment ruling and underlying claim construction upon which the judgment was based. TG filed a cross-appeal seeking review of an adverse claim construction, notwithstanding the district court's ruling of noninfringement. Honeywell argues that because TG prevailed below and is not seeking review of the district court's judgment of noninfringement, TG's cross-appeal cannot be maintained. We agree.

An "appellee may, without taking a cross-appeal, urge in support of a decree any matter appearing in the record, although his argument may involve an attack upon the reasoning of the lower court or an insistence upon matter overlooked or ignored by it." *United States v. American Ry. Express Co.*, 265 U.S. 425, 435, 44 S.Ct. 560, 68 L.Ed. 1087 (1924); *see also Datascope Corp. v. SMEC, Inc.*, 879 F.2d 820, 822 n. 1 (Fed.Cir.1989) ("Appellees always have the right to assert alternative grounds for affirming the judgment that are supported by the record."). TG prevailed in district court, that is, the district court concluded that TG did not infringe Honeywell's patent. TG may, as an appellee, challenge any alleged unfavorable aspects of the district court's rulings. What is at stake here, from TG's perspective, is only whether it be permitted to file two rather than one brief. What it may argue in its brief is not at stake.

The law governing the filing of cross-appeals is well-settled. Recently, in *Phillips v. AWH Corp.*, 415 F.3d 1303, 1328 (Fed.Cir.2005) (en banc), the en banc court expressly agreed with the panel's holding (363 F.3d 1207, 1216 (Fed.Cir.2004)) that: "A party has no right of cross-appeal from a decision in its favor.... Similarly, a party who prevails on noninfringement has no right to file a 'conditional' cross-appeal to ... challenge a claim construction, but may simply assert alternative grounds in the record for affirming the judgment." We agree with Honeywell that TG's cross-appeal should not have been filed and TG's opposition to the motion to dismiss, challenging *Phillips*, is not well-taken. Under these circumstances, Honeywell is entitled to fees and costs pursuant to Fed. R.App. P. 38 and 39.

Accordingly,

IT IS ORDERED THAT:

(1) Honeywell's motion to dismiss TG's appeal, 05–1408, is granted.

(2) Honeywell's motion for fees and costs in connection with its motion to dismiss 05–1408 is granted. Honeywell is awarded $3,000.00, to be paid within 30 days of the date of filing of this order.

(3) ITT's motion to voluntarily dismiss its appeal, 05–1409, is granted.

(4) Each side shall bear its own costs pertaining to 05–1409.

(5) The revised official caption for 05–1407 is reflected above.

(6) Honeywell's brief is due within 60 days of the date of filing of this order.